**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>JAIME LUJAN-SALGADO,<br><br>      Defendant-Appellant. | No.    17-50376<br><br>D.C. No. 3:17-cr-01837-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Jaime Lujan-Salgado appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lujan-Salgado contends that the above-Guidelines sentence is substantively unreasonable because the district court failed to give appropriate weight to recent Guidelines amendments and to the Guidelines calculation, and betrayed the parties' expectations. The district court did not abuse its discretion in imposing Lujan-Salgado's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record demonstrates that the district court considered the Guidelines and the parties' sentencing recommendations. The district court concluded, however, that an above-Guidelines sentence was necessary to deter Lujan-Salgado from returning unlawfully and to protect the public. In light of the totality of the circumstances, including Lujan-Salgado's extensive immigration and criminal history, and the 18 U.S.C. § 3553(a) sentencing factors, the above-Guidelines sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-50376